### CHAS. HUDSON v. STATE OF OHIO.

1. REQUISITION ALLOWED IN CASES OF MISDEMEANOR.

The governor has the right to demand the surrender of a fugitive from Ohio charged only with a misdemeanor.

2. INTER-STATE RENDITION LAW NOT A LIMITATION.

Section 95, Rev. Stat., relating to the matter of inter-state rendition does not in any way limit the authority and power vested in the executive by the federal constitution and the laws of congress.

ERROR to the Court of Common Pleas of Fairfield county.

The case was that of Charles Hudson against the state of Ohio. Hudson, having been indicted for an offense against the gambling

---

*For decision of the court of common pleas, see 5 Dec., 580.

Hudson v. State.

statutes, went to the state of West Virginia. A requisition was obtained from Governor McKinley, and he was brought back and put upon trial at the October term of the common pleas court. Before trial he made a motion for discharge on the ground that the Ohio statute, on the subject of inter-state rendition, provided for the issue of requisitions by the governor in felony cases only; that he had no power to make demand for the return of a fugitive charged with a misdemeanor only, and that consequently defendant was illegally in the jurisdiction of the court. This motion was overruled by the trial judge (Slough), and defendant below put upon trial and convicted. The case came to the circuit court on error.

PER CURIAM.

‘ After full argument and examination of numerous authorities, the court holds that the governor has the right to demand the surrender of a fugitive from this state, charged with a misdemeanor; and that sec. 95, relating to the matter of inter-state rendition, does not in any way limit the authority and power vested in the executive by the federal constitution and the laws of congress.